IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        No. CIV 07-0716 JB/CEG
                                                             CR 05-484 JB

SOTERO NUNEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Sotero Nunez's response (CV Doc. 7; CR Doc. 353) to the order entered on September 27, 2007. In its September 27th order, the Court required Nunez to show cause why the Court should not dismiss his § 2255 motion as untimely.

As noted in the Court's September 27th order, on January 13, 2006, the Court entered judgment on Nunez's conviction. No notice of appeal appears of record. Nunez executed his § 2255 motion on July 20, 2007; the envelope containing the motion is postmarked July 23, 2007. The Clerk filed the motion on July 25, 2007.

According to these dates, the Defendant filed his motion after expiration of the one-year limitation period in § 2255. *See United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000). His claims are thus barred and must be dismissed unless there is a basis for tolling. *See United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at *1 (10th Cir. Dec 13, 1999).

In his response, Nunez alleges that he does not speak English, legal materials at his facility are in English, and he was diligent in attempting to pursue postconviction remedies. These allegations do not aid Nunez in avoiding the one-year limitation period in § 2255. "Lack of

familiarity with the English language does not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the AEDPA limitations period." *United States v. Cordova*, 1999 WL 1136759, at *1 (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). *See United States v. Alvarado-Carrillo*, 43 F. App'x 190, 192 (10th Cir. 2002) (rejecting tolling based on the defendant's inability to speak English). Nor does the alleged lack of access to legal materials constitute grounds for equitable tolling. *See United States v. Alvarado-Carrillo*, 43 F. App'x at 192 (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Furthermore, Nunez's unsupported assertion that he diligently pursued his remedies does not support his argument for equitable tolling. "Equitable tolling 'is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Glenn*, 61 F. App'x 571 (10th Cir. 2003) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). *See United States v. Alvarado-Carrillo*, 43 F. App'x at 192. Nunez makes no factual allegation of diligence or circumstances beyond his control. He thus fails to make the showing required for tolling the running of the limitation period, and the Court will dismiss his § 2255 motion as untimely filed.

**IT IS THEREFORE ORDERED** that the Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 334) filed July 25, 2007, is dismissed with prejudice as untimely filed; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE